Amy L. B. Ginsburg (SBN 275805)
GINSBURG LAW GROUP, P.C.
1012 N. Bethlehem Pike, Suite 103, Box #9
Ambler, PA 19002
Telephone: (855) 978-6564
Facsimile: (855) 777-0043
Email: aginsburg@ginsburglawgroup.com

*OF COUNSEL*
THOMASSON PLLC
402 West Broadway #950
San Diego, CA 92101
Telephone: (973) 312-0774
Facsimile: (973) 559-5579
Email: amy@thomassonpllc.com

Attorney for Plaintiff,
JAMIE FARMER

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMIE FARMER, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>OPTIO SOLUTIONS, LLC, doing business as QUALIA COLLECTION SERVICES, and DOES 1-50,<br><br>                    Defendant. | Case No. 3:22-cv-00907<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, AND BUSINESS & PROFESSIONS CODE §17200, ET. SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, JAMIE FARMER ("FARMER"), individually and on behalf of all others similarly situated, by way of this Complaint against the Defendants, OPTIO SOLUTIONS, LLC, doing business as QUALIA COLLECTION SERVICES, ("QUALIA") and DOES 1-50 (collectively, "Defendants"), says:

### I. PARTIES

1. Plaintiff, FARMER, is an individual and is now, and at all times mentioned in this Complaint was, a resident of the City of Neenah, State of Wisconsin.

2. At all times relevant to this lawsuit, QUALIA is a for profit limited liability company formed under the laws of the State of Delaware.

3. QUALIA maintains its principal place of business at 1444 Birth McDowell Blvd, Petaluma, CA 94954.

4. The true names and capacities on Defendants, Does 1-50, whether individual, corporate, associate or otherwise, are unknown to Plaintiff at the time of filing this Complaint and Plaintiff, therefore, sues said Defendants by such fictitious names and will ask leave of court to amend this Complaint to show their true names or capacities when the same have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the Doe Defendants is, in some manner, responsible for the events and happenings herein set forth and proximately caused injury and damages to the Plaintiff as herein alleged.

5. At all times herein mentioned, each of the Defendants was an agent and employee of each of the remaining Defendants and was at all times herein mentioned acting within the scope of said agency and employment.

## II. JURISDICTION AND VENUE

6. Venue is proper in this Court in that Defendants maintain an office in and/or are doing business in the City of Petaluma, County of Sonoma, State of California.

7. With respect to Plaintiff's claims under the FDCPA, jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

8. This Court has supplemental jurisdiction over Plaintiff's RFDCPA and UCL claims pursuant to 28 U.S.C. §1367.

## III. PRELIMINARY STATEMENT

9. Plaintiff, individually and on behalf of all others similarly situated, and demanding a trial by jury, brings this action for the conduct of the Defendants in connection with their attempts to collect alleged debts from the Plaintiff and others in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, *et seq.*, and the Business and Professions Code § 17200 *et seq.*, often referred to as the "Unfair Competition Law" ("UCL").

10. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors

who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

11. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Ninth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated debtor." *Baker v. G.C. Services Corp.*, 677 F.2d 775, 778 (9th Cir. 1982).

12. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain *per se* violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(1)-(6). Among the *per se* violations is the placement of telephone calls without meaningful disclosure of the caller's identity, 15 U.S.C. § 1692d(6).

13. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10); and the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent oral communications with consumers that the communication is from a debt collector, 15 U.S.C. § 1692e(11).

14. The RFDCPA regulates collection agencies and original creditors attempting to collect debts on her own behalf. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The California legislature has further determined that there is a need to ensure that debt collectors exercise their responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

15. The UCL fosters and encourages competition, by prohibiting unfair, dishonest,

deceptive, destructive, fraudulent and discriminatory practices by which fair and honest competition is destroyed or prevented. See Cal. Bus & Prof Code §17001.

16. Plaintiff, individually and on behalf of all others similarly situated, seeks statutory damages, attorney fees, costs, and such other relief, whether equitable or legal in nature, as deemed appropriate by this Court pursuant to the FDCPA, RFDCPA and the UCL. Plaintiff does not, however, seek actual damages on behalf of the Class.

17. This case involves money, property, or other equivalent, due or owing or alleged to be due or owing from natural persons by reason of consumer credit transactions. As such, this action arises out of "consumer debts" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### IV. FACTS

18. QUALIA regularly collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using interstate commerce or the mails.

19. QUALIA is a business the principal purpose of which is the collection of defaulted consumer debts.

20. QUALIA mailed or caused to be mailed a letter dated May 10, 2021 (the "Letter") to FARMER.

21. A true and correct copy of the Letter is attached as ***Exhibit A***, except that the undersigned has partially redacted it.

22. The Letter alleged FARMER had incurred and defaulted on a financial obligation (the "Debt"), namely a Kohl's credit card debt allegedly owed to Capital One, N.A. ("Capital One").

23. The alleged Debt arose out of one or more transactions in which the money, property, insurance, or services that were the subject of the transactions were primarily for personal, family, or household purposes.

24. The Letter was QUALIA's first written communication to FARMER in an attempt to collect the Debt.

25. Sometime prior to May 10, 2021, the creditor of the Debt either directly or through intermediate transactions assigned, placed, or transferred the debt to QUALIA for collection.

26. The Letter offered to settle the debt for a 50% discount.

27. The Letter stated the settlement offer expired 45 days from the date of the Letter.

28. The statement, "This offer will expire 45 days from the date of this letter" is false, deceptive, and misleading.

29. In fact, QUALIA had authority to extend the settlement offer beyond the 45 day deadline set in the Letter.

30. On information and belief, QUALIA had authority to increase the amount of the discount offered to FARMER after the 45 day deadline.

31. QUALIA's statement that "This offer will expire 45 days from the date of this letter" is materially false, deceptive, and misleading because it influences the unsophisticated consumer's decision to pay the debt.

32. The statement is materially fase, deceptive, and misleading because it creates a false sense of urgency in the unsophisticated consumer to accept the settlement offer as quickly as possible.

33. Upon information and belief, the creditor of the Debt requires QUALIA to extend the 50% offer to settle the Debt during the entire time the account is with QUALIA for collection.

34. Upon information and belief, the offer to settle would not expire.

35. The settlement offer discourages the unsophisticated consumer from disputing the debt because the time required to submit a dispute and receive a response might exceed the 45 day deadline to accept the offer.

36. The Letter itemizes the "Balance Due" as follows:

|  |  |
|---|---|
| Principal: | $615.35 |
| Fees: | $249.00 |
| Interest: | $132.54 |
| Balance Due: | $996.89 |
| Settlement Amount: | $498.45 |

37. By refering to the amount of the Debt as the "Balance Due", and by itemizing the balance due, the Letter gives the impression that the Debt was increasing.

38. In fact, the original creditor had charged-off the account prior to the Date of the Letter and the Debt was static and unchanging.

39. The term "charge-off" is an accounting procedure by which a receivable—such as the amount owed to a creditor on a loan—is deemed sufficiently unlikely to be paid that the creditor can no longer represent the receivable as an asset and, for an accrual-based taxpayer, all or a portion of the amount charged off may be treated as a loss for which the creditor receives a deduction for

purposes of determining the creditor's federal income taxes. See Victoria J. Haneman, The Ethical Exploitation of the Unrepresented Consumer, 73 Mo. L. Rev. 707, 713-14 (2008).

40. An account will go into default (*i.e.*, there has been a failure to make a timely payment in accordance with the terms of the debt) before it is charged-off. Thus, a charged-off debt is always in default but not all defaulted debts are charged-off.

41. Upon information and belief, Kohls does not intend to add and, as a matter of practice, does not add interest or other charges to the balance of its charged-off credit card accounts.

42. Upon information and belief, Kohls does not prepare and send monthly periodic billing statements on charged-off credit card accounts.

43. Once the Debt was charged-off, its balance remained static and unchanging.

44. Once the Debt was charged-off, Kohls did not add interest or other charges to the account.

45. The Letter falsely implied to the unsophisticated consumer that interest and other charges could accrue on the charged-off Debt.

46. Such false implication arises from the totality of the Letter including, but not limited to, (A) itemizing post-charge-off interest and other charges, and (B) describing the amount owed as the "Balance Due."

47. The Letter is materially false, deceptive, and misleading to an unsophisticated consumer because the fear of potential late charges and other charges might influence a consumer on how to use their already limited financial resources.

48. A rational person with limited financial resources would, based on the Letter, choose to pay the Debt over an otherwise identical debt which accurately implied the balance remained static.

49. QUALIA's use of a form letter like the Letter—which falsely implies the Debt could increase—competitively disadvantages debt collectors who collect static debts without obscuring the fact those debts' balances are static.

50. The Letter does not clearly and unambiguously state the amount of the Debt.

51. The Letter deprived FARMER of truthful, non-misleading, information in connection with QUALIA's attempt to collect a debt.

52. The Letter was created by merging information specific to a debt and consumer with a template to create what is commonly called a "form letter."

53. Consequently, on information and belief, QUALIA caused the same form collection letter to be mailed to others who, like FARMER, reside in Wisconsin.

## V. CLASS ALLEGATIONS

54. Qualia's conduct is consistent with its policies and practices when attempting to collect debts from consumers. Consequently, this action is brought by Plaintiff, both individually and on behalf of all other persons similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

55. Plaintiff is seeking to certify a class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

56. ***Class Definition.*** The Class consists of: All persons with a Wisconsin address to whom Optio Solutions, LLC mailed an initial written communication, in the form of ***Exhibit A***, between May 10, 2021 and May 21, 2022, which was not returned as undeliverable.

57. The identities of the Class members are readily ascertainable from the business records of QUALIA and those entities on whose behalf QUALIA attempts to collect debts.

58. ***Class Claims.*** The Class claims include all claims each Class member may have for a violation of the FDCPA, RFDCPA or Business and Professions Code § 17200 *et seq.* arising from QUALIA having mailed a written communication in the form of ***Exhibit A*** to such Class member.

59. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. ***Numerosity.*** On information and belief, the Class are so numerous that joinder of all members would be impractical and includes at least 40 members.

    b. ***Common Questions Predominate.*** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members because such questions and issues concern the same conduct by QUALIA with respect to each Class member.

    c. ***Typicality.*** Plaintiff's claims are typical of the Class members because those claims arise from a common course of conduct engaged in by QUALIA.

    d. ***Adequacy.*** Plaintiff will fairly and adequately protect the interests of the Class members insofar as she has no interests that are adverse to those of the Class members. Moreover, Plaintiff is committed to vigorously litigating this

matter and retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action.

60. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to the Class members predominate over any questions affecting individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

61. Based on discovery and further investigation (including, but not limited to, disclosure by QUALIA of class size and net worth), Plaintiff may, in addition to moving for class certification using modified Class claims, Class definitions, or Class periods, seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

## VI. FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

62. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

63. QUALIA is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

64. The Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

65. FARMER is a "consumer" as defined by 15 U.S.C. § 1692a(3).

66. ***Exhibit A*** is a "communication" as defined by 15 U.S.C. § 1692a(2).

67. The use and mailing of ***Exhibit A*** by QUALIA in an attempt to collect the Debt violated the FDCPA in one or more following ways:

   a. Using a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e;

   b. Falsely misrepresenting the character, amount, or legal status of a debt in violation of 15 U.S.C. § 1692e(2)(A);

   c. Threatening to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5);

   d. Using a false representation or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692e(10); and

e. Using unfair means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f.

## VII.   SECOND CAUSE OF ACTION
## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

68. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

69. QUALIA is a "debt collector" as defined by California Civil Code § 1788.2(c).

70. The Debt is a "consumer debt" as defined by California Civil Code § 1788.2(f).

71. FARMER is a "debtor" as defined by California Civil Code § 1788.2(h).

72. The Debt is a "debt" as defined by California Civil Code § 1788.2(d).

73. The Debt arises from a "consumer credit transaction" as defined in California Civil Code § 1788.2(e).

74. The use and mailing of *Exhibit A* by QUALIA was "debt collection as defined by California Civil Code § 1788.2(b).

75. The use and mailing of *Exhibit A* by QUALIA in an attempt to collect the Debt violated the Rosenthal FDCPA, California Civil Code §1788.17.

## VIII.   THIRD CAUSE OF ACTION
## COMMISSION OF UNLAWFUL, UNFAIR AND/OR FRAUDULENT BUSINESS ACTS AND PRACTICES IN VIOLATION OF
## THE BUSINESS & PROFESSIONAL CODE §17200, ET. SEQ.

76. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

77. The UCL defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice.

78. The business acts and practices of QUALIA, as herein above alleged, constitute unfair business practices in that said acts and practices offend public policy and are substantially injurious to consumers. Said acts and practices have no utility that outweighs their substantial harm to consumers.

79. The business acts and practices of QUALIA, as herein above alleged, constitute fraudulent business practices in that said acts and practices are likely to deceive the public and affected consumers as to their legal rights and obligations.

80. The unlawful, unfair and fraudulent business acts and practices of QUALIA described herein present a continuing threat to Plaintiff, members of the general public, and the Class in that QUALIA is currently engaging in such acts and practices and will persist and continue to do so unless and until an injunction is issued by this Court.

81. As a direct and proximate result of the acts and practices described herein, QUALIA has received and collected substantial monies from members of the general public and class members to which QUALIA is not entitled.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against QUALIA as follows:

A. **For the FIRST CAUSE OF ACTION**
   a. An Order certifying this action as a class action pursuant to Rule 23(c)(1)(A) of the Federal Rules of Civil Procedure including, but not limited to, defining the Class and the Class claims, issues, or defenses, and appointing the undersigned counsel as class counsel pursuant to Rule 23(g);
   b. An award of statutory damages for Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(2);
   c. An award to Plaintiff for services on behalf of the Class as determined in the discretion of the Court;
   d. Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);
   e. An award of actual damages to Plaintiff and the Class including payments made by Class Members in response to the Letter, and to the extent the recovery of reasonable attorneys' fees and costs cause a negative tax consequence to Plaintiff and/or the Class; and
   f. For such other and further relief as may be just and proper.

B. **For the SECOND CAUSE OF ACTION**
   a. An award of statutory damages for Plaintiff pursuant to California Civil Code §1788.30(b);
   b. Attorney's fees, litigation expenses, and costs pursuant to California Civil Code §1788.30(c);

      c. An award of actual damages to Plaintiff and the Class including payments made by Class Members to QUALIA in response to the Letter, and to the extent the recovery of reasonable attorneys' fees and costs cause a negative tax consequence to Plaintiff and/or the Class; and

      d. For such other and further relief as may be just and proper.

**C.**    **For the THIRD CAUSE OF ACTION**

      a. An order enjoining QUALIA from engaging in such acts and practices as herein above alleged;

      b. Restitution to Plaintiff and the Class;

      c. Attorney's fees, litigation expenses, and costs pursuant to California Civil Code §1788.30(c); and

      d. For such other and further relief as may be just and proper.

## X.    JURY DEMAND

XI.    Trial by jury is demanded on all issues so triable.

Dated: February 14, 2022                             /s/ Amy L. B. Ginsburg
                                                                    AMY L. B. GINSBURG